IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES S. DERITO and KIMBERLY DERITO, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, EAST L.P.,<br><br>Defendant. | Civil Action No. **19-00737-MJH** |

## AMENDED COMPLAINT IN CIVIL ACTION

Plaintiffs, Charles S. DeRito and Kimberly DeRito, by and through their attorneys, GELMAN & RODGERS, PLLC, respectfully allege as follows:

### NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Charles S. DeRito ("Plaintiff Mr. DeRito"), and for loss of consortium by Kimberly DeRito ("Plaintiff Mrs. DeRito")(collectively "Plaintiffs"), against Defendant Wal-Mart Stores, East L.P. ("Defendant Walmart"), as a result of Plaintiff Charles S. DeRito slipping and falling inside a Wal-Mart Store operated by Defendant.

### PARTIES

2. Plaintiff Charles S. DeRito is a married individual and citizen of Commonwealth of Pennsylvania.

3. Plaintiff Kimberly DeRito is a married individual and citizen of the Commonwealth of Pennsylvania.

4. Plaintiffs are husband and wife.

5. Defendant Wal-Mart Stores East, L.P. ("Walmart") is a limited partnership organized and existing under the laws of the State of Delaware with a principal place of business at 601N Walton Blvd., Bentonville, Arkansas 72712.

6. Defendant Walmart is the operator of the Walmart Store located at 6700 Hollywood Blvd, Delmont, PA 15626.

7. At all times material hereto, Defendants acted through their agents, servants and employees acting in the course and scope of their employment.

### VENUE AND JURISDICTION

8. This court has original jurisdiction over this matter pursuant to 28 U.S.C. 1332, in that the amount in controversy exceeds seventy five thousand dollars ($75,000.00) and Plaintiffs are citizens of states which are different from state where Defendant is incorporated and has its principal place of business.

9. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

### FACTUAL ALLEGATIONS

10. On January 20, 2019, Plaintiff was entering the Walmart Store located at 6700 Hollywood Blvd, Delmont, PA 15626.

11. As Plaintiff approached the entrance he noted that the automatic entrance door was not operating property and would not open.

12. However the automatic exit door immediately next to the entrance door was left ajar to allow patrons to enter into the store.

13. Plaintiff entered through the threshold and into the store, through the exit door that had been left open, without incident.

14. Once inside the threshold of the store Plaintiff stepped onto a black rug.

15. As Plaintiff continued walking he stepped off the black rug and onto the tiled area of the floor he slipped and fell on a large amount of a substance, believed to be accumulated precipitation, water, and/or ice.

16. The aforementioned accident was the result of the negligence, carelessness and recklessness of Defendants and/or agents of such and was due in no manner whatsoever to any act or failure by Plaintiff.

17. As a direct result of the aforementioned fall, Plaintiff sustained the following injuries:

   a. Neck injury;

   b. Head injury;

   c. Right hip injury;

   d. Right wrist injury;

   e. Right hand injury;

   f. Right thumb injury;

   g. Right shoulder injury;

   h. Right shoulder full thickness rotator cuff tear;

      i. Right shoulder superior labrum, anterior [front] to posterior [back] tear;

      j. Right bicep tensynovitis; and

      k. Extensive surgery to the right shoulder region; and

      l. Extensive physical therapy and post-surgical rehabilitative treatment to the right shoulder region.

18. As a direct and proximate result of the injuries aforesaid, Plaintiff has suffered damages including the following:

      m. Past, present, and future pain and suffering;

      n. Past, present, and future mental anguish;

      o. Past, present, and future humiliation and embarrassment; and

      p. Past, present, and future impairment of Plaintiff's ability to enjoy life.

19. As a further result of these injuries, Plaintiff has been and will continue to be obligated to receive and undergo medical attention and care, to expend various sums of money, to incur various expenses, and will be obligated to continue to expend such sums for an indefinite time in the future and claim is made therefore.

### FIRST COUNT
### Negligence– Charles S. DeRito v. Wal-Mart Stores, East L.P.

20. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

21. At all times material hereto, the Walmart store located at 6700 Hollywood Blvd, Delmont, PA 15626 was under the control of Defendant Walmart and/or agents of Defendant Walmart.

22. As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained the injuries as detailed above.

23. The negligence and/or carelessness of Defendant Walmart, which caused the aforementioned accident, consisted of the following:

   a. Failure to place an appropriate sized carpet/rug in the entrance area inside the store;

   b. Failure to properly monitor the area where Plaintiff was entering the store;

   c. Failure properly clear the floor of accumulated precipitation, water, and/or ice;

   d. Failure to hire appropriately trained staff;

   e. Failure to inspect the premises for dangers to business invitees; and

   f. Failure to post appropriate warning signs in an area with slippery conditions that Defendant was aware of or reasonably should have been aware of.

## SECOND COUNT
### Loss of Consortium – Kimberly DeRito v. Wal-Mart Stores, East L.P.

24. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

25. As a consequence of the accident further described above, Mr. DeRito sustained significant and permanent injuries as more fully described above.

26. Before suffering the injuries resulting from the accident, Mr. DeRito was able to and did perform all the duties of a husband and did perform these duties, including but not limited to maintaining the home, providing love, companionship,

affection, society, sexual relations, moral support, and solace to his wife, Plaintiff Mrs. DeRito.

27. Mrs. DeRito has suffered from loss of society and consortium as a result of the injuries to her husband.

## DEMAND FOR A JURY TRIAL

28. Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand upon Defendants:

    a. actual, compensatory and statutory damages;

    b. pre and post-judgment interest as allowed by law;

    c. an award of taxable costs; and

    d. any and all such further relief as this Court deems just and proper.

Date: 11/4/2019

Respectfully submitted by:

By: /s/ William Rodgers III
William Rodgers III, Esquire
Bruce H. Gelman, Esquire
Gelman & Rodgers, PLLC
Three Gateway Center, Ste 1543
401 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 338-0400
Facsimile: (412) 338-0357
bill@gelmanlawoffices.com
bruce@gelmanlawoffices.com
*Attorneys for Plaintiffs*