IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES S. DERITO and KIMBERY DERITO, | : : : | CIVIL DIVISION |
| Plaintiffs, | : : | Civil Action No. 2-19-0737 MJH |
| v. | : : | |
| WAL-MART STORES EAST, L.P., | : : | |
| Defendant. | | |

**MOTION FOR SUMMARY JUDGMENT**

AND NOW, comes Defendant, Wal-Mart Stores East, L.P, by and through its counsel, Rebecca Sember Izsak, Esquire and Thomas, Thomas & Hafer LLP, and files the within Motion for Summary Judgment as follows:

1. Plaintiff, Charles Derito, initiated this lawsuit against Walmart via Complaint on May 9, 2019.

2. The action was subsequently removed to the Western District of Pennsylvania on June 21, 2019.

3. Derito filed an Amended Complaint on November 4, 2019.

4. Derito's lawsuit arises out of a slip and fall that occurred at the Delmont, Pennsylvania Walmart on January 20, 2019.

5. Derito's fall occurred at approximately 6:49 A.M. when he entered the "exit" door on an angle and stepped toward the center of the vestibule.

6. Derito stepped with one foot onto the weather mat in the vestibule and then subsequently stepped with his other foot on the ceramic tile.





7. Derito believed that the substance that he slipped on was a "powdery snow" – "baby powder" like substance.

8. Derito's theory as to how the alleged "powdery snow" substance came to be on the ground was that it blew in during a period of less than forty (40) seconds when the "exit door" was stuck open.

9. Derito does not have any knowledge that the alleged substance came to be on the tile prior to the "exit door" being stuck open.

21.	The "entrance" door is shown opening and closing throughout the two hour video surveillance clip and the "entrance" door also opened in the two minutes prior to Derito's fall.

22.	Still-shots taken from video surveillance, and shown to Derito at his deposition, do not show any white powdery substance on the tile where Derito fell at any time prior to his fall.

23.	Derito did not touch any white powdery substance while sitting on the floor and did not have any white powdery substance on his clothing such that it needed to be dusted off.

24.	Derito did not notice any snow blowing into the store when he walked across the parking lot and he did not see any white powdery snow in the area where he was walking before he entered the store.

25.	The ground traversed by Derito while crossing the parking lot was wet and slushy.

26.	Derito understood that the weather mat was placed in the vestibule so that customers could "wipe your feet off or get rid of soil."

27.	Derito did not stop and wipe his feet on the mat before he stepped on the ceramic tile.

28.	As fully set forth in the accompanying Brief and Concise Statement of Undisputed Material Facts, Plaintiff cannot adduce sufficient evidence to raise a material dispute of fact as to the existence of a dangerous condition on the floor.

29.	Additionally, as fully set forth in the accompanying Brief in and Concise Statement of Undisputed Material Facts, Plaintiff cannot adduce sufficient evidence to raise a material dispute of fact that Walmart had notice of any alleged dangerous condition.

WHEREFORE, for the reasons set forth above, and as more fully set forth in the accompanying Brief and Concise Statement of Undisputed Facts, Defendant, Wal-Mart Stores

East, L.P., respectfully requests that this Honorable Court enter and Order Granting Summary Judgment in its favor and against Plaintiffs.

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

Date:  6/16/2020              BY:   */s/ Rebecca Sember Izsak*
REBECCA SEMBER IZSAK, ESQUIRE
PA ID No. 74584
rsember@tthlaw.com
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA  15219
(412) 697-7403
(412) 697-7407 – Facsimile

**Counsel for the Defendant**